UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN KIMBALL,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE, et al,<br>Defendants. | No. 2:26-cv-598 DAD SCR (PS)<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in pro se in this action, which is accordingly referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

Upon screening the Complaint and supplemental briefing, however, the undersigned finds that Plaintiff has failed to state a civil cause of action with sufficient specificity. The undersigned grants leave to amend the Complaint. Plaintiff's failure to state a cognizable claim, or support a cognizable claim with evidence, also results in a recommendation that his motion for a preliminary injunction be denied (ECF No. 3). For the reasons outlined below, the Court further denies Plaintiff's pending motions to submit supplementary evidence (ECF Nos. 4-5), to appoint a neutral forensic expert (ECF No. 7), and appoint counsel (ECF No. 10).

## I. LEGAL STANDARD

A. IFP Screening

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) a likelihood that the plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also prevail by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

C. Appointment of Counsel

"Generally, a person has no right to [appointed] counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Appointment of counsel under § 1915(e)(1) is a matter within the Court's discretion, and counsel may only be appointed in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of

exceptional circumstances requires both an evaluation of the likelihood of success on the merits and the ability of the movant to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citations and quotation omitted).

## II. COMPLAINT AND ADDENDUMS

The initial Complaint, filed February 26, 2026, "alleges identity theft and failures to investigate state-affiliated entities." ECF No. 1 at 1-3. In a declaration attached to the Complaint, Plaintiff asserts that he reported a purported identity theft to both Defendant Sacramento County District Attorney's Office ("Sacramento DA's Office") and local authorities. ECF No. 1 at 6. The Sacramento DA's Office directed his complaint to law enforcement agencies, despite Plaintiff asserting that these agencies had a conflict of interest. *Id.* Plaintiff then submitted a California Public Records Act ("CPRA") to defendant Governor Gavin Newsom's office, which responded that it was not the custodian of the records requested. *Id.* The declaration concludes that these actions fulfilled Plaintiff's duty to exhaust administrative remedies. *Id.* Aside from a picture allegedly showing a "cyberknife" used to "slow kill" Plaintiff (ECF No. 1 at 16), the evidence attached to the Complaint mostly concerns this purported exhaustion of remedies.

A "Supplemental Letter to the Court," filed on April 8, 2026, purports to include four exhibits demonstrating unauthorized attempts to access Plaintiff's computer network. ECF No. 6 at 2. These are, in fact, four excerpts from a single screenshot of "AI Live Capture Alerts" showing "abnormal network behavior indicative of unauthorized access" which could violate the Computer Fraud and Abuse Act. *Id.* at 5.

A Supplemental Complaint, filed June 1, 2026, adds as Defendants the State of California; Christina Strunk, in her capacity as Deputy Investigator for the Orange County Sheriff's Department; Thien Ho, in his capacity as a prosecutor with the Sacramento DA; Georgette D. Oatmeyer; and Patrick Jordan, Jr. ECF No. 9 at 1-2, 5. The Supplemental Complaint alleges that Strunk, Oatmeyer, and Ho conspired to infringe Plaintiff's constitutional rights via wire fraud, mail fraud, breaking and entering, banking fraud, identity theft, cyberstalking, stalking, intimidation, and slander. ECF No. 9 at 2. Jordan aided in this conspiracy, specifically the

cyberstalking, via his role as a Discord channel operator. ECF No. 9 at 6. The Supplemental Complaint reiterates that Defendant Newsom, along with the State, failed to exercise his authority to intervene in this conspiracy. *Id.* Citing 42 U.S.C. § 1983, the Supplemental Complaint asserts claims for violation of due process under the Fourteenth Amendment; conspiracy to so deprive Plaintiff of his rights; aiding and abetting constitutional violations; malicious prosecution, false arrest, and abuse of process; various forms of fraud; and stalking, cyberstalking, intimidation, and defamation. *Id.* at 1-2. Plaintiff therefore seeks compensatory and punitive damages, attorney's fees and costs, and "injunctive relief as appropriate[.]" *Id.* at 2.

## III. ANALYSIS

A. Screening, Motions to Supplement, and Supplemental Complaint

The initial Complaint completely fails to identify a claim under which Plaintiff can seek relief in federal court under 28 U.S.C. § 1331. *See* ECF No. 1 at 2. Although it asserts a claim for identity theft (*see id.*), presumably under the Identity Theft and Assumption Deterrence Act, this act does not provide a civil cause of action. *See Arimilli v. Rezendes*, 2023 WL 2734456 at *4 (D. Ariz. Mar. 31, 2023) (citing 18 U.S.C. § 1028).

At best, the Racketeer Influenced and Corrupt Organizations ("RICO") Act permits a civil suit based on conduct that qualifies as racketeering activity, which can include identity theft. See 18 U.S.C. § 1028(1). To adequately plead such a claim, however, "a plaintiff must allege that the defendant engaged in: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *See Black v. Corvel Enterprise Comp Inc.*, 756 Fed. Appx. 706, 708 (9th Cir. 2018) (citing *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)). Such racketeering activity constitutes a pattern if at least two such acts occur within ten years of each other. *Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000) (quoting 18 U.S.C. § 1961(5)). The Complaint completely fails to articulate any facts regarding the supposed identity

////

////

theft. The Complaint focuses solely on the exhaustion of administrative remedies.[1] ECF No. 1 at 6.

These two problems plague the motions to submit supplemental evidence that followed the Complaint. Both motions cite criminal statutes that provide no private cause of action, even under the RICO Act. *See* ECF No. 4 at 1 (citing 18 U.S.C. §§ 1349, 1030); ECF No. 5 at 4 (citing 18 U.S.C. §§ 1030, 2511, 2701). Admittedly, the first of these does also cite the code for wire fraud, 18 U.S.C. § 1343. ECF No. 4 at 1. This can constitute racketeering activity under the RICO Act, if the other requirements for a RICO claim are also met.

The motion then fails, however, to adequately plead such a claim. Wire fraud requires "(1) a scheme to defraud, (2) the use of…wire, radio, or television to further the scheme, and (3) the specific intent to defraud." 18 U.S.C. § 1343; *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017). The scheme that constitutes the first element may be "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Id.* (quoting *Carpenter v. United States*, 484 U.S. 19, 27 (1987)). However, as with any allegation of fraud, allegations of mail fraud as a predicate act to a RICO claim must be pled with particularity. Fed. R. Civ P. 9(b); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 2004); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). Plaintiff's motions to submit supplemental evidence, and the subsequent supplemental letter, only include evidence that purportedly shows someone was trying to access his personal network without authority to do so. ECF No. 4-1 at 7-9; ECF No. 6 at 5. At no point does Plaintiff allege who specifically was behind these attempts, or how exactly they planned to use such access to deprive Plaintiff of property.

////

---

[1] Whether some of the alleged steps, like filing a CPRA request with the Governor's Office (ECF No. 1 at 6), are in fact part of exhausting administrative remedies under the California Government Claims Act is also unclear.

Plaintiff's April 8, 2026 motion and supplemental letter are the first to also assert claims not based in criminal law. Specifically, both assert claims under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments. ECF No. 5 at 4; ECF No. 6 at 3. Even upon filing a Supplemental Complaint (ECF No. 9), however, Plaintiff fails to state a claim under any of these Amendments.

To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283, 1300–01 (9th Cir. 1999). However, "[a] plaintiff may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives." *Mendocino Environmental Center v. Mendocino County,* 14 F.3d 457, 464 (9th Cir. 1994). Plaintiff does not describe any communication with sufficient detail to determine whether it was protected activity. Nor does he assert any facts regarding action a government official took to discourage him from such communications, aside from possibly attempting to access his computer.

His claim for an unlawful search under the Fourth Amendment hinges on the fact that the metadata for whistleblower incident submissions includes the classification "gov-surveillance[.]" ECF No. 4-1 at 1, 7-9. This is insufficient to show that any government official, let alone the ones names in his Supplemental Complaint (ECF No. 9 at 1-2, 5), were involved in any search of his computer.

For a procedural due process claim under the Fourteenth Amendment, a plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Meanwhile, a substantive due process claim requires that "the plaintiff [] show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir.2008). Because

Plaintiff has failed to show government involvement in the invasion of his right to privacy, to the extent that the network access attempt can be construed as such, any claim under the Fourteenth Amendment also fails.

The Supplemental Complaint also adds a claim for aiding and abetting constitutional violations. ECF No. 9 at 2. This is presumably the basis for adding two private citizens, Oatmeyer and Jordan, as Defendants. *Id.* at 1, 5. Yet the allegation that the two "conspired with" the named governmental officials to infringe Plaintiff's rights are entirely conclusory, aside from a vague reference to Jordan somehow utilizing his role as a Discord channel operator. *Id.* at 2, 5-6. In any case, because the underlying 1983 claims are inadequately pled, the related conspiracy claim is also deficient.

Finally, the Supplemental Complaint adds a claim for malicious prosecution and false arrest, presumably against Assistant District Attorney Ho. ECF No. 9 at 2. Yet Plaintiff fails to articulate when such arrest or prosecution occurred, that he has been acquitted of such charges, or that they were not brought against him for a legitimate reason. *See Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 1541868 at *7 (D. Hawa'i' Apr. 15, 2010) (articulating the elements of a malicious prosecution claim as "(1) the prior proceedings must have been terminated in the plaintiff's favor; (2) the prior proceedings must have been initiated without probable cause; and (3) the prior proceedings must have been initiated with malice.")

Throughout the Complaint, Supplemental Complaint, and submissions of additional evidence in between, Plaintiff has yet to plead sufficient facts to assert a claim under any statute that entitles him to bring an action in civil court.

B. <u>Leave to Amend</u>

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar*, 698 F.3d at 1213. Despite the failure to state any one claim, Plaintiff's filings contain at least some allegations of his right to privacy being infringed by government officials via unauthorized network access. Plaintiff shall have the opportunity to articulate enough facts to demonstrate a claim based on such conduct, whether under the RICO Act or 42 U.S.C. § 1983.

In granting Plaintiff leave to amend, the Court reiterates that he may only assert claims involving criminal conduct to the extent that it constitutes "racketeering activity" under 18 U.S.C. § 1028(1). He must then, however, plead sufficient facts to satisfy the other elements of a RICO claim. *See Black.*, 756 Fed. Appx. at 708. As to any claim, Plaintiff must specify which Defendant took what specific action on what date, and what injury he suffered as a result.

Amending the Complaint will allow Plaintiff to add any exhibits that he thinks support the claims therein. The motions to submit supplemental evidence (ECF Nos. 4-5) are therefore denied as moot. At the pleading stage, however, all factual allegations in the First Amended Complaint ("FAC") will be taken as true. *Erickson*, 551 U.S. at 94. Nor can Plaintiff attach these documents to the FAC and ask the Court to infer how Plaintiff's rights were infringed, instead of explaining the factual underpinnings of his claims in his own words. *See infra*; *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Whether Plaintiff "submits" any evidence with his FAC will not change whether the Court decides that his own allegations provide sufficient details to state a claim on which he may proceed.

C. <u>Preliminary Injunction</u>

Plaintiff's motion for a preliminary injunction asserts that his Complaint "has plausibly alleged deprivations of federally protected rights[.]" ECF No. 3 at 1. For the reasons outlined above, it does not. Even if it did, injunctive relief requires actual evidence that Plaintiff is likely to succeed on the merits, as opposed to alleged wrongdoing. *See Garcia.*, 786 F.3d at 740. Nor does Plaintiff even explain what injunctive relief he seeks, making the risk of harm and balance of equities impossible to assess. ECF No. 3 at 1.

The motion for preliminary injunctive relief is denied, without prejudice to refiling after Plaintiff has filed an FAC that the undersigned finds adequately states a claim.

D. <u>Motion for Appointment of Counsel</u>

Plaintiff asserts that because the legal and procedural issues in this case are too complex for a pro se litigant to manage, appointment of counsel is needed to ensure effective access to the

Court. ECF No. 10 at 2. He further asserts that he attempted to obtain representation through the Federal Public Defender's Office, but to no avail. *Id.*

Without an adequately pled Complaint outlining the factual and legal issues in this action (*see supra* III.A), the Court cannot determine whether they in fact present a greater challenge than what faced by the average pro se litigant. The motion for appointment of counsel is denied, without prejudice to refiling after Plaintiff has filed an FAC that the undersigned finds adequately states a claim.

E. Motion for Appointment of a Forensic Expert

The Court need not address Plaintiff's Motion for Appointment of Neutral Forensic Expert for Metadata Review (ECF No. 7) in detail. Plaintiff is effectively asking for expert discovery before the Court has even authorized service of a complaint on Defendants. Only if Defendants are served and appear may the Court enter a scheduling order that will, *inter alia*, outline when fact and expert discovery must occur. This motion is therefore denied without prejudice to refiling after such a scheduling order is entered, assuming the Court permits service of the FAC once filed.

## IV. AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177-80 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific

allegations as to the actions of each named Defendant and allege facts to support each individual claim. Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PRO SE PLAINTIFF SUMMARY

The magistrate judge is granting your motion to proceed *in forma pauperis*, without paying the requisite filing fees. However, upon screening your Complaint, even with the Supplemental Complaint and proposed additional exhibits, the undersigned finds it factually deficient for several reasons. You cannot bring civil suit based on any section of Title 18 of the United States Code unless it is under the RICO Act, 18 U.S.C. §§ 1961-68. Aside from this, you do not include sufficient details as to what conduct underlies your claims under either RICO or 42 U.S.C. § 1983. Aside from Governor Newsom's purported failure to investigate, it says nothing about how each Defendant participated in the conspiracy to infringe on the rights you assert. That your computer reports unauthorized attempts to access your network, which you attribute to "gov-surveillance[,]" is not enough to plausibly state a claim against any Defendant.

You may file an amended Complaint providing more specific details about the purported misconduct by each Defendant, including which Defendant took which action against you. You may include the exhibits attached to your Motions to Submit Supplemental Evidence (ECF Nos. 4-6), but please note that this will not excuse a failure to yourself articulate what facts provide a basis for your claims. This First Amended Complaint must also be complete, insofar as it cannot rely on or cite to any prior filing in this case. Failure to address the deficiencies in this order will result in the undersigned recommending dismissal of your action.

Your failure to adequately state a claim renders your motions for a preliminary injunction and for appointment of counsel (ECF Nos. 3, 10) premature. Nor will the Court consider appointing a neutral forensic expert (see ECF No. 7) until after discovery in this case has begun, following service of an adequately pled complaint on Defendants.

## VI. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file a First Amended Complaint ("FAC") that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned will recommend that this action be dismissed.
3. Plaintiff's motions for submit supplemental evidence (ECF Nos. 4-5) are DENIED AS MOOT;
4. Plaintiff's motions for appointment of counsel (ECF No. 10) is DENIED without prejudice to refiling after the Court screens the FAC; and
5. Plaintiff's motion for appointment of a neutral forensic expert (ECF No. 7) is DENIED without prejudice to refiling if and only if the Court authorizes service of summons following screening of the FAC.

Further, **IT IS RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief (ECF No. 3) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

////

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE